**No. 57668.**—Majestic Shipping & Forwarding Co. *v.* United States, petition 6951–R (New York).

FORD, Judge:   This petition was filed under the provisions of section 489 of the Tariff Act of 1930 and prays for the remission of additional duties incurred by reason of undervaluation on entry of certain imported merchandise entered at the port of New York, N. Y.

It appears from the evidence submitted at the trial of this petition that the merchandise covered by the entry here involved consisted of 10 cases of chinaware imported from Germany which were entered for warehouse rather than for consumption.   Prior to the filing of the entry, the invoice papers were submitted to the appraiser on June 18, 1951, for information pertaining to market values, and on June 20 these papers were returned by the appraiser with his notes or notations. On October 4, 1951, petitioner received notice from the appraiser to make an amendment in accordance with the figures the appraiser had placed on the original invoice.   On November 5, 1951, petitioner prepared and filed in the collector's office an amended entry in accordance with the figures furnished it by the appraiser's office, and petitioner's witness stated that: "* * * the entry was originally made in the name of Majestic Shipping & Forwarding Company; however, we only withdrew five cases of the original importation in .the name of Majestic and the balance of the importation was transferred to Mr. George Becker, with a notation on the blanket authority that Mr. Becker was to file a new bond with the blanket authority."

It also appears that the amended entry covered the entire shipment of 10 cases, and the portion of the supplemental duties, covering 5 cases billed to the Majestic Shipping & Forwarding Co. were paid by it on March 12, 1952.   The witness Roth stated: "I completed the amended entry on the entire shipment, but as this shipment involved not only the Majestic Shipping, which withdrew one portion, and Mr. Becker, which withdrew another portion, I was billed by Customs only for the supplemental duties withdrew, rather, for the supplemental duties on that portion withdrawn by me, which was paid prior to the invoice being returned."

Q.   Was the merchandise withdrawn from warehouse by Majestic Shipping & Forwarding Company?—A. ˙  Five cases.

\*          \*          \*          \*          \*          \*          \*

Q.   Was the balance of the merchandise covered by this entry withdrawn from bonded warehouse?—A.   Only according to the record here, I had nothing further to do with the other five cases, after they were transferred to Mr. Becker.

Q.   Did you have anything to do with the payment of the increased duties in connection with the entry in any way?—A.   Only that portion that was billed to us.

Testimony was also given to the effect that in connection with this importation no information or facts were concealed from the appraiser or any Government official, that there was no intention to defraud the revenue of the United States, and that full cooperation was had with the Government officials in connection with this entry.

An examination of the record presented is convincing that in entering the involved merchandise at values lower than those returned upon final appraisement, petitioner had no intention of concealing or misrepresenting the facts of the case or of defrauding the revenue of the United States or of deceiving the appraiser as to the correct value of the merchandise.   The petition for remission of additional duties incurred under section 489, *supra,* is therefore granted. Judgment will be rendered accordingly.